**ALLEN JONES**                                                **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 5:10CV-P221-R**

**DR. HILLEND et al.**                                    **DEFENDANTS**

### <u>MEMORANDUM OPINION</u>

Plaintiff, Allen Jones, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

### I. <u>SUMMARY OF CLAIMS</u>

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), sues in their official capacities the following KSP employees: "Scot Hase 'A.K.A. Harris," Dr. Hillend, Nurse Shannon Hillend, and Nurse Jones. He states that, about six months after he was sent to KSP, he started having a tingling feeling from his chest to his feet. He states that he went to the "med-call window" and Nurse Hillend took blood work but that "medical" never did anything for this problem. He states that he then saw Nurse Jones and more blood work was done. He asserts that he "went to the hole" and that he saw nurses three or four more times while he was in the hole. He also alleges that while in the hole he saw Dr. Hillend, who prescribed some medication that made him sick. He further alleges that medical gave him some kind of medicine, which he was told was for high cholesterol, that made him feel like "someone was sticking a rod threw my head and hurt relly bad." Plaintiff alleges that he then went to medical and told Nurse Hillend that he was tingling and she replied that that was not a diagnosis.

Plaintiff next asserts that "[t]hey are also denied me the same job opportunity that everybody else is rec[e]iving here at KSP" because he "filed paper work" regarding a correctional officer at Green River Correctional Complex. He contends that they know he is in pain, that they will not let him work, and that they keep him locked in a cell.

As relief, Plaintiff wants monetary and punitive damages. He also states that he feels Defendants will retaliate against him, so he asks the Court to prevent that.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff sues Defendants in their official capacity. Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law

deprived the plaintiff of a right secured by the Constitution or federal law.  *See* § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's claims for money damages from these state officers in their official capacities fail to allege cognizable claims under § 1983.  Moreover, Defendants are immune from monetary damages under the Eleventh Amendment.  *See id.*  The Court will dismiss the claims for monetary relief pursuant to §§ 1915A(b)(1) and (b)(2).

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State."  *Will*, 491 U.S. at 71 n.10.  The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach.  There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983."  *Id.* at 757.  Along with monetary damages, Plaintiff's complaint requests prospective injunctive relief in the form of asking the Court to prevent retaliation against him because he feels like they will retaliate against him.[1]

Plaintiff's request that he not be subject to retaliation in the future for filing this claim must be denied.  Any such threat is speculative and at this time merely hypothetical, which is insufficient to warrant injunctive relief.  *See O'Shea v. Littleton*, 414 U.S. 488, 494-96 (1974).

---

[1] Plaintiff states, in support of this request for relief, *in toto*:  "I fell they will retal[i]ate on me so I ask you to not let them do this."

### III. CONCLUSION

For the foregoing reasons, Plaintiff's complaint will be dismissed by separate Order for failure to state a claim and for seeking monetary relief from a defendant who is immune from such relief.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009