UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

ALLEN JONES                                                                                                          PLAINTIFF

v.                                                            CIVIL ACTION NO. 5:10-CV-P221-TBR

UNKNOWN KY. DEP'T OF CORRECTION EMPLOYEES et al.        DEFENDANTS

**MEMORANDUM AND ORDER**

        The Court dismissed this *pro se* prisoner's 42 U.S.C. § 1983 action with prejudice by Order entered May 2, 2011, for failure to state a claim and for seeking monetary relief from a defendant who is immune from such relief. Before the Court is Plaintiff's motion to award pain and suffering (DN 23). He asks for $100,000,000 because the medical staff let him suffer for five years.

        Because final judgment has been entered, the Court construes this motion as one seeking relief from final judgment, specifically under Rule 60 of the Federal Rules of Civil Procedure.[1] Rule 60(b) of the Federal Rules of Civil Procedure provides relief from judgment in six instances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reasons justifying relief from the operation of the judgment. The motion must be made within a reasonable time, and for reasons (1)-(3) not more than one year after the judgment, order, or proceeding was entered. Relief under Rule 60(b) is "circumscribed by public policy favoring

---

[1] Rule 59 of the Federal Rules of Civil Procedure allows a motion to alter or amend a final judgment to be filed but only if brought within 28 days of the judgment.

finality of judgments and termination of litigation." *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Here, Plaintiff did not file this motion until over three and one-half years after the case was dismissed. Thus, he is time-barred from invoking the first three grounds for relief, which require the motion to be filed within one year of the judgment. The Rule requires a motion based on the remaining three reasons to be filed within a reasonable time. Plaintiff offers no reason for waiting well over three years to file this motion, and the Court finds that the more than three and one-half year interval between this Court's final judgment and the filing of this motion is an unreasonable length of time. *See Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) (holding that the plaintiff's delay in filing her Rule 60(b)(6) motion until more than three years had passed from the time the district court entered its order was unreasonable). Moreover, nothing in Plaintiff's motion suggests that he should be relieved from the judgment in this case. Accordingly,

**IT IS ORDERED** that Plaintiff's motion (DN 23) is **DENIED**.

Date:

cc: Plaintiff, *pro se*
4413.009

2